**Kevin THOMPSON, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 02–5564.

United States Court of Appeals, Sixth Circuit.

Jan. 30, 2004.

**64**

Scott C. Cox, Michael R. Mazzoli, Cox & Mazzoli, Louisville, KY, for Petitioner–Appellant.

Candace G. Hill, Asst. U.S. Attorney Terry M. Cushing, Asst. U.S. Attorney U.S. Attorney's Office, Louisville, KY, for Respondent–Appellee.

Before: GIBBONS and SUTTON, Circuit Judges; and TARNOW, District Judge.*

OPINION

TARNOW, District Judge.

Kevin Thompson appeals from the district court's denial of his *habeas* petition, filed under 28 U.S.C. § 2255. Thompson argues that his trial attorneys erroneously

calculated his potential sentence, and, on the basis of this erroneous calculation, he rejected the government's plea offer. The dispositive issue on appeal is whether the district court's finding that Thompson was aware of the potential for life imprisonment at the time he rejected the offer is clearly erroneous. We conclude it is not and **AFFIRM** the district court's order.

## I. BACKGROUND

On June 19, 1996, Thompson and two codefendants, Barbara Thompson and Richard LeMonde, were indicted in a multiple-count indictment by a federal grand jury in the Western District of Kentucky. Count I of the indictment charged Thompson with conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count III of the indictment charged him with attempt to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. A jury trial took place in December 1996.

Thompson was represented by two attorneys, James Howard and Charles English. According to Thompson and his attorneys, the government made Thompson an offer on the first day of trial: eight years and one month imprisonment in exchange for a guilty plea.[1] The trial court postponed the trial for one day to allow Thompson to consider the offer.

Despite his attorneys' advice to the contrary, Thompson rejected the government's offer.[2] Howard then drafted the

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. The Assistant United States Attorney, Alexander Taft, denied having couched the offer in precise terms of years or months. Regardless of the actual offer made by Taft, Thompson's attorneys advised him that the offer was eight years and one month in exchange for a guilty plea.

2. Thompson testified below that his attorneys did not encourage him to accept the government's offer. However, he concedes this fact in his brief on appeal.

following letter, which was signed and dated by Thompson:

> I have been advised by my attorneys. Jim Howard and Charles "Buzz" English, Jr., that if I am convicted on either of the two charges against me in the United States District Court, Case No. 1:96CR–17–M, *the sentencing guidelines and mandatory minimum sentencing laws will require that I serve from 20 to approximately 25 years in prison, with no chance of probation or parole.* (Emphasis supplied by undersigned). They have also advised me that the Government has substantial evidence against me, and that there is a great chance, probably greater than 50%, that I will be convicted if this case goes to trial.
>
> I have been advised that the Government has made an offer of 8 years, 1 month if I were to plead guilty. Both state and federal officials have discussed the possibility of including any other charges I am charged with or being investigated for in with such a deal, without any additional time, in exchange for the forfeiture of one piece of property.
>
> After considering all of these factors, I have advised my attorneys that I am not guilty of the charges, and do not wish to plead guilty, but rather wish to go forward to trial.

Thompson admits signing the letter but denies reading the letter prior to signing it or knowing the letter's content.[3]

On December 18, 1996, the first day of Thompson's trial, the government filed a notice of a prior felony drug conviction, pursuant to 21 U.S.C. § 851. This notice subjected Thompson to a mandatory minimum sentence of twenty years and a maximum sentence of life in prison.[4]

Thompson maintained his innocence throughout the trial but was convicted of both counts on December 23, 1996. He subsequently admitted his involvement in the charged offenses but denied full responsibility.

During sentencing, the trial court found that Thompson's criminal conduct involved eighty pounds of methamphetamine, which resulted in a base offense level of thirty-eight. However, because Thompson committed perjury in denying guilt at trial, the court imposed a two-level obstruction-of-justice adjustment. Thus, the total offense level was forty. The court sentenced Thompson at criminal history category III. for which the sentencing guidelines mandated a sentence of 360 months (or thirty years) to life. The court imposed a sentence of thirty years.

Thompson appealed his conviction, but not his sentence, to this Court. In an unpublished opinion filed September 2, 1999, we affirmed the conviction in its entirety. *See United States v. Lemonde,* 188 F.3d 509 (6th Cir.1999). On August 30, 2000, Thompson filed the instant section 2255 motion to vacate or set aside his sentence on the ground of ineffective assistance of counsel. Thompson also argued that the sentence imposed by the trial court violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the drug quantity was nei-

**3.** Thompson maintains that English told him that, if he went to trial, the maximum sentence the court would impose would be twenty years and that he would not serve more than eight or nine years. English denies having made such a statement and insists he and Howard encouraged Thompson to accept the government's offer.

**4.** Thompson testified at the evidentiary hearing that he did not believe his prior conviction, in 1979, was for a felony. Thus, the government's notice was a surprise to him.

ther charged in the indictment nor submitted to the jury as a fact question.

On November 30, 2000, the district court referred the matter to a magistrate. In a report and recommendation (R & R) dated July 16, 2001, the magistrate determined that the rule announced in *Apprendi* does not apply retroactively on collateral review. Thus, review of Thompson's *Apprendi* claim was barred because he failed to show cause and prejudice to excuse his procedural default. The magistrate also found that, at the time Thompson rejected the government's plea offer, he was fully informed of the maximum sentence he could receive. Accordingly, the magistrate concluded that Thompson could not establish prejudice under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Thompson timely filed objections to the R & R. The district court denied Thompson's objection with respect to the *Apprendi* claim but remanded the case to the magistrate for an evidentiary hearing on the ineffective assistance of counsel claim. The magistrate conducted the evidentiary hearing on October 17, 2001. In a second R & R filed March 18, 2002, the magistrate found that the performance of Thompson's trial attorneys was deficient under *Strickland*. The magistrate concluded, however, that Thompson did not satisfy *Strickland's* prejudice prong, i.e., he failed to show that there was a "reasonable probability" that, but for his attorneys' error, he would have accepted the government's offer. The magistrate recommended denying Thompson's motion. In an order entered on April 18, 2002, the district court concluded:

Thompson has not established his trial counsel was constitutionally ineffective, or that but for his attorneys' alleged mistake in calculation of the sentencing guidelines, he would have accepted the United States' plea offer. Therefore,

Thompson's motion under [2]8 U.S.C. § 2255 shall be and hereby is DENIED.

Thompson appeals to this Court.

## II. STANDARD OF REVIEW

To prevail under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which "had substantial and injurious effect or influence" on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)).

In appeals of *habeas* proceedings, this Court reviews the district court's legal conclusions *de novo* and its factual findings for clear error. *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir.1999). A *habeas* petitioner's claim for ineffective assistance of counsel, which is cognizable under section 2255, presents a mixed question of law and fact and is reviewed *de novo*. *Id.* However, the factual findings of a district court which are made in the course of deciding an ineffectiveness claim are subject to the deferential "clear error" standard of Federal Rule of Civil Procedure (F.R.C.P.) 52(a). *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir.1996). A "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Wooldridge v. Marlene Indus. Corp.*, 875 F.2d 540, 542 (6th Cir.1989) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). A reviewing court applying this standard may not re-

verse the trier of fact simply because it is convinced that it would have decided the case differently. *Id.*

## III. ANALYSIS

A petitioner seeking to establish ineffective assistance of counsel must show that: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the deficient performance, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The first *Strickland* requirement refers to attorney competence, whereas the second requirement refers to prejudice. When, as here, a petitioner claims ineffective assistance of counsel based on failure to give competent advice in the face of a plea offer, the test is whether "there is a reasonable probability the petitioner would have pleaded guilty given competent advice." *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir.2003). In denying Thompson's petition, the district court determined that he failed to meet the second *Strickland* requirement.

Thompson concedes that the success or failure of this appeal depends upon whether the district court erred in finding that, at the time he rejected the plea offer, he knew that his potential maximum sentence was life imprisonment. This finding was made by the district court in the course of deciding the ineffectiveness claim and will be disturbed only if it is clearly erroneous. *See McQueen*, 99 F.3d at 1310.

At the evidentiary hearing, Thompson testified that neither of his attorneys told him he could receive a life sentence. However, English's testimony directly contradicted that of Thompson:

THE COURT: Mr. English just a couple of questions. Do you recall—at the time that you represented Mr. Thompson, do you recall knowing what the maximum sentence that he could receive was for these if you went to trial and lost?

[ENGLISH]: Yes, sir. I believe that we knew there was a potential for life, and I think we explained that to Mr. Thompson.

THE COURT: That would have been my next question. What, if anything, do you recall explaining to Mr. Thompson about that as a maximum or about the range of penalties involved here?

[ENGLISH]: I recall explaining that this was a very serious situation, that if we went to trial and lost—I remember explicitly that Mr. Thompson was concerned about his daughter and not being able to see her grow up, and I recall explaining to him that if he were convicted that he may never get to see her grow up. Now, in terms of years, I'm sure we explained to him that depending upon what criminal history category he could go in that it could be up to life would be a potential sentence.

THE COURT: You are confident you explained that to him?

[ENGLISH]: I'm confident that I explained—yes, sir, I am.

In determining that Thompson was aware of the potential for a life sentence at the time he rejected the plea offer, the magistrate concluded that English was the more credible witness. In adopting the magistrate's R & R, the district court apparently agreed, and this Court must defer to that conclusion. *See* F.R.C.P. 52(a) ("[D]ue regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."). We cannot say the district court's factual finding is clearly erro-

68

neous. Thus, we must affirm the district court's conclusion that Thompson did not establish prejudice under *Strickland* and is not entitled to *habeas* relief.

**AFFIRMED.**